UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:19 CR 455 RWS (NCC) |
| | ) | |
| DAVID LEROY SONTAG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR PRETRIAL
DETENTION AND SETTING CONDITIONS OF RELEASE**

Currently pending before the Court is the government's motion for pretrial detention. (ECF No. 4)  On June 13, 2019, Defendant was charged by Indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252.  Defendant self-surrendered and had an initial appearance on June 17, 2019.  The government's motion for pretrial detention was referred to the undersigned.

On June 19, 2019, the Court held a detention hearing, pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3142 et. seq.    Shortly before the hearing, Defendant filed a written response in opposition to the government's motion for pretrial detention.[1]   (ECF No. 10)   Defendant was present with his attorney, George Restovich, and the government was represented by SAUSA Diane E. H. Klocke.   Defendant asked the Court to deny the government's motion for pretrial detention and release him on conditions.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained pending trial.

---

[1] The undersigned did not have an opportunity to review Defendant's written opposition before the hearing but reviewed it prior to issuing this order.   Defendant's arguments at the detention hearing substantially mirror those made in his written submission.

> Only if the government shows by clear and convincing evidence that no  release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. ' 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)(quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

The government contends that, due to the nature of the charge in the Indictment, the government's burden is assisted by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.  Defendant argues that the charge does not per se carry a presumption of detention and cited authority from another District as support.  For the limited purpose of deciding the issue of release or detention in this specific matter, the undersigned will proceed as though a presumption of detention applies.

In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community.   In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration."  Abad, 350 F.3d at 797.

At the detention hearing, the parties proceeded by proffer.  Both parties were given access to a Bail Report dated June 18, 2019.  Neither party offered any objection to the background facts in the Bail Report.  Accordingly, the undersigned adopts and incorporates by reference herein the facts set out in that Report.  In the Bail Report, the U.S. Pretrial Services Office recommended that Defendant be released on an unsecured bond with conditions, including conditions specific to the nature of the charge and Defendant's criminal history.

Defendant argued for release on conditions set forth in the Bail Report.   Defendant noted that the record refutes any finding that he might pose a risk of non-appearance.  Defendant was initially arrested in this matter by the Chesterfield, MO, Police in May 2018.  Defendant was cooperative with the police at that time.  Defendant stayed in contact with the Chesterfield Police and, when informed of the Indictment in this matter, he promptly self-surrendered.  Defendant is 70 years old, retired, financially secure, and lives alone in the St. Louis area.  Defendant has no history of violence and has no access to weapons.  Defendant's sister is available to assist him as necessary if he is released on bond.   Defendant would agree not to have any access to any Internet-enabled devices if released and proffered that he does not need such devices for his health or other needs.

The government persisted in its request that Defendant be detained.  The government emphasized the nature and circumstances of the charged offense, which reportedly involved images of infants.  Defendant was reportedly viewing graphic child pornography in a bookstore where others could also see the images.  Defendant has a prior conviction for sodomy which occurred while he was in a position of trust as a teacher.  Accordingly, Defendant faces a mandatory minimum term of imprisonment of 15 years, per the government.

Accepting for this case that a presumption of detention applies, the undersigned finds that Defendant proffered sufficient facts to rebut that presumption. The undersigned further finds that, based on the facts of the Bail Report, the parties' proffers, and after consulting with Pretrial Services, there is a combination of conditions available to reasonably assure Defendant's appearance and the safety of the community. The government's motion or pretrial detention is denied.

Apart from a possible mandatory minimum sentence of 15 years, the government does not contend that Defendant presents a serious risk of non-appearance. Defendant, however, has demonstrated to the Court that he poses a minimal risk of non-appearance. Defendant has known of the investigation for almost a year, has maintained contact with law enforcement, and self-surrendered despite having some resources that might have facilitated flight. Defendant is 70 years old, has mobility issues, and is retired. Defendant does not have a passport. Location monitoring and home confinement would be a condition of release for this type of charge and will serve to reasonably assure Defendant's appearance in this matter.

The more serious concern to the Court is Defendant's potential dangerousness and access to child pornography on the Internet. Defendant has a prior conviction for statutory sodomy and is charged with a serious child pornography offense.[2] Defendant's alleged conduct in this case involved using publicly available WiFi at a bookstore to view child pornography, and he did so in a manner that exposed the images to innocent members of the public. At the time, Defendant was a registered sex offender. Further, it took investigators several months to unlock and/or decrypt Defendant's tablet. The undersigned finds, therefore, that Defendant has demonstrated at least some ability to thwart efforts to monitor his access to unlawful pornography.

---

[2] For the limited purposes of deciding the issue of release or detention, the undersigned finds that the weight of the government's evidence is strong.

Although Defendant has a felony sodomy conviction, he successfully completed a term of parole without incident.  Further, until the conduct giving rise to the instant charge, and despite being a registered sex offender, Defendant had no arrests or adverse interactions with law enforcement for more a decade.  Thus, the record demonstrates that Defendant has an ability to abide by conditions of release.  Pretrial supervision in this matter will be significant.  At the detention hearing, Defendant agreed to forego Internet access and web-enabled equipment. When the undersigned factors in location monitoring and home detention, the undersigned finds that there are reasonable conditions that will reasonably assure the safety of the community.

Based on the entire record, the undersigned finds and concludes that the conditions of release outlined below will reasonably assure the Court that Defendant will not be a danger to the community, will not flee, and will appear as required.

Accordingly,

**IT IS HEREBY ORDERED** that the government's motion that Defendant be detained pending trial [ECF No. 4] is denied.

**IT IS FURTHER ORDERED** that Defendant is to be released on his personal recognizance, subject to additional non-financial conditions of release, including but not limited to the following:

1. Defendant shall reside at the address listed in the Bail Repot.

2. Defendant will be placed on home detention and will be required to participate in a program of location monitoring which may include GPS monitoring.

3. Defendant will be required to numerous conditions specifically tailored to his status as a convicted sex offender who is charged with a child pornography offense.  Those conditions, which Defendant agreed to at the detention hearing, will include no access to the Internet and no use of Internet-enabled devices.

4.       Additional non-financial conditions of release will be addressed at a bond hearing.

                                                /s/ *John M. Bodenhausen*
                                                JOHN M. BODENHAUSEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of June, 2019.